UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES K. MATLEAN, | Case No.  2:19-cv-01498-APG-DJA |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendants. | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff has submitted an application to proceed *in forma pauperis*.  (ECF No. 1).  Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on August 24, 2020.  (ECF No. 6).  Because the complaint included claims against a Nevada State defendant, Jo Gentry, the Court stayed the case so that Plaintiff could engage in the Court's Inmate Early Mediation Program with the Nevada State defendant.  (*Id*.)  The screening also provided that the other defendants could participate in the mediation conference if they wished.  (*Id*.) The Office of the Attorney General, as well as certain other defendants have filed status reports indicating that settlement has not been reached and that they intend to proceed with this action.  (ECF Nos. 27, 28.)

During the stay, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 24.)  The motion indicates that Plaintiff wishes to add "additional parties as well as additional grounds for "First Amendment Religious Retaliation and Equal Rights violations."  Plaintiff did not file a draft amended complaint.

The Court notes that a plaintiff may not raise multiple unrelated claims in a single lawsuit.  A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant.  Federal Rule of Civil Procedure 20(a) allows a plaintiff

to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). As Plaintiff did not file a draft amended complaint, the Court cannot determine whether the claims or parties that Plaintiff wishes to add can be added to this case. As such, the Court denies Plaintiff's motion without prejudice. Plaintiff may file another motion for leave to file an amended complaint, together with a complete amended complaint.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

For the foregoing reasons, **IT IS ORDERED** that:

1.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.     The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3.        Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **James K. Matlean, #92785** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4.        Plaintiff's motion for leave to file an amended complaint (ECF No. 24) is denied without prejudice.

5.        As to Jo Gentry, the sole remaining Nevada State defendant, the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 7) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

6.        Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

7.        Subject to the findings of the screening order (ECF No. 6), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the Nevada State defendants for whom it accepts service; (b) the names of the Nevada State defendants for whom it does not accept service, and (c) the names of the Nevada State defendants for whom it is filing the last-known-address information under seal.  As to any of the named Nevada State defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known

1   address of the defendant(s) is a post office box, the Attorney General's Office shall
2   attempt to obtain and provide the last known physical address(es).

3       8.    If service cannot be accepted for any of the named Nevada State
4   defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting
5   issuance of a summons, and specifying a full name and address for the defendant(s).  For
6   the Nevada State defendant(s) as to which the Attorney General has not provided last-
7   known-address information, Plaintiff shall provide the full name and address for the
8   defendant(s).

9       9.    If the Attorney General accepts service of process for any named
10  defendant(s), such defendant(s) shall file and serve an answer or other response to the
11  complaint (ECF No. 7) within sixty (60) days from the date of this order.

12      10.   As to the other defendants, Warner, Guilin, Greigo, J. Bradley, Thomas, and
13  Emerson, the Clerk of Court **will issue** summonses for these, **and deliver the same**, to
14  the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint
15  and this order to the U.S. Marshal for service on these Defendant(s).

16      11.   It is further ordered that the Clerk **will send** to Plaintiff **six (6)** USM-285
17  forms.  Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the
18  required USM-285 forms with relevant information as to each Defendant on each form.

19      12.   It is further ordered that within **twenty (20) days** after receiving from the
20  U.S. Marshal a copy of the USM-285 forms showing whether service has been
21  accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s)
22  were served and which were not served, if any.  If Plaintiff wishes to have service again
23  attempted on an unserved Defendant(s), then a motion must be filed with the Court
24  identifying the unserved Defendant(s) and specifying a more detailed name and/or
25  address for said Defendant(s), or whether some other manner of service should be
26  attempted.

27      13.   Plaintiff shall serve upon defendant(s) or, if an appearance has been
28  entered by counsel, upon their attorney(s), a copy of every pleading, motion or other

4

document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

14.    This case is no longer stayed.

DATED this 22nd day of January 2021.

_____
UNITED STATES MAGISTRATE JUDGE

5