AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants*
*James Dzurenda, Jo Gentry,*
*Diana Bejar, Robert Meares,*
*William Hutchings,*
*and Monique Hubbard-Pickett*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES K. MATLEAN,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-01498-APG-DJA<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME OF TWENTY-EIGHT DAYS TO ANSWER PLAINTIFF'S OPERATIVE (ECF NO. 38 AT 3–64) COMPLAINT** |

Defendants, James Dzurenda, Jo Gentry, Diana Bejar, Robert Meares, William Hutchings, and Monique Hubbard-Pickett, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Deputy Attorney General of the State of Nevada, Office of the Attorney General, hereby move for an extension of twenty-eight days to answer Plaintiff James K. Matlean's amended (operative) complaint (ECF No. 38 at 3–64) for the reasons outlined below, which Defendants represented by the Office of the Attorney General (OAG) assert demonstrate good cause for such an extension. The current deadline is January 3, 2022, but Defendants move to extend the date to January 31, 2022.

Matlean moved (ECF No. 38) to amend his complaint (ECF No. 7) but Gentry

submitted a notice (ECF No. 40) of non-opposition to the motion to amend but requested screening of the proposed amended complaint. Granting Matlean's motion (ECF No. 38) to amend, a combined order October 19, 2021 order and report and recommendation (in effect a second screening order) (ECF No. 41) orders that:

- Plaintiff's First Amendment and RLUIPA free exercise claims in Count I will proceed against CoreCivic, Mears, Dzurenda, Deal, Warner, Guilin, Greigo, Bradley, Thomas, and Emerson.
- Plaintiff's Fourteenth Amendment equal protection claim in Count I will proceed against CoreCivic, Mears, Dzurenda, Deal, Warner, Guilin, Greigo, Bradley, Thomas, and Emerson.
- Plaintiff's First Amendment retaliation claim in Count II will proceed against Gentry.
- Plaintiff's First Amendment mail confiscation claim in Count III will proceed against Bejar, Hutchings, and Pickett.
- Plaintiff's Fourteenth Amendment due process claim in Count III will proceed against Bejar, Hutchings, and Pickett.
- Plaintiff's First Amendment retaliation claim in Count III is dismissed without prejudice.
- Plaintiff's Fourth Amendment privacy claim in Count III is dismissed without prejudice.

(ECF No. 41 at 11)

Also, ECF No. 41 recommends that:

- Plaintiff's Fourteenth Amendment due process claim in Count II be dismissed with prejudice as amendment would be futile.
- Plaintiff's Sixth Amendment right to self-representation claim in Count III be dismissed with prejudice as amendment would be futile.
- Plaintiff's Eighth Amendment cruel and unusual punishment claim in Count III be denied with prejudice as amendment would be futile.

(ECF No. 41 at 12)

After reviewing the report and recommendation (ECF No. 41), a November 9, 2021 order (ECF No. 44) accepts in full the Magistrate Judge's recommendations and dismisses with prejudice Matlean's (i) Fourteenth Amendment due process claim in Count II, (ii) Sixth Amendment right to self-representation claim in Count III, and (iii) Eighth Amendment cruel and unusual punishment claim in Count III.

The OAG has representation requests on file from Dzurenda, Gentry, Bejar, and Meares. Also, the OAG is in possession of a form titled "Civil Litigation Coordination Form 1," which states that on December 9, 2021, service of process was accepted on behalf

of Bejar, Hutchings, and Hubbard-Pickett. A perusal of the docket, namely ECF Nos. 46 and 47 reveals that other employees and ex-employees of the Nevada Department of Corrections (NDOC) might have been served by the U.S. Marshal, and defense counsel needs additional time to check the service status of all defendants; as of present, the OAG cannot represent a current or former employee in the absence of a request for representation, which is trite law under the NRS.

Because of the nature of the action, the length of the amended complaint, the fact that the screening order permits claims to proceed against new defendants, and the fact that a new attorney, Attorney Smith, is now representing the interests of Defendants, the latter request an extension of time in which to obtain any further representation requests (if necessary); also, Attorney Smith needs time to familiarize himself with this action. As recently as December 10, 2021, Deputy Attorney General Frank V. DiMaggio assumed (ECF No. 45) defense responsibilities from Deputy Attorney General Henry H. Kim, the latter of whom transferred to a different Division within the OAG.

Also, just days ago, Attorney DiMaggio left the employment of the OAG. On the afternoon of December 28, 2021, Attorney Smith learnt that OAG had assigned defense responsibilities in this action to him. Since then, because of the Christmas holiday period, Attorney Smith has had less than three business days to familiarize himself with this lawsuit—a time frame in which he has had to submit multiple filings in other actions. Thus, it is obvious that Attorney Smith has been unable to review this action in depth and good cause exists for extending the answering date.

Therefore, for the reasons outlined above and in accord with Rule 6(b), Federal Rules of Civil Procedure,[1] and Local Rules (LR) IA 6-1 and 26-3,[2] Defendants assert that

---

[1] Rule 6(b)(1), governs an extension of time and states:

When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

they demonstrate good cause for extending the deadline to answer by twenty-eight days from **January 3, 2022** (the deadline is today because the amended complaint was served on several defendants represented by the OAG on December 9, 2021) to **January 31, 2022**.

DATED this 3rd day of January, 2022.

                                    AARON D. FORD
                                    Attorney General

                                    By: /s/ Alexander J. Smith
                                          ALEXANDER J. SMITH (Bar No. 15484)
                                          Deputy Attorney General

                                          *Attorneys for Defendants*
                                          *James Dzurenda, Jo Gentry,*
                                          *Diana Bejar, Robert Meares,*
                                          *William Hutchings,*
                                          *and Monique Hubbard-Pickett*

**For good cause appearing therein,
IT IS SO ORDERED.**

DATED: January 4, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect. LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, thus the individual factors contained within LR 26-3 are not assessed.

## CERTIFICATE OF SERVICE

I certify that I am an attorney for Defendants and that on January 3, 2022, I electronically filed the above document via CM/ECF, the court's electronic filing system. A party that is registered with CM/ECF is served electronically. For a party not registered, Defendants effected service by emailing a copy addressed to the following:

> James Matlean, #92785
> Southern Desert Correctional Center
> P.O. Box 208
> Indian Springs, Nevada 89070
> Email: sdcclawlibrary@doc.nv.gov
> *Plaintiff, Pro Se*

    /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484)
Deputy Attorney General

*Attorneys for Defendants*
*James Dzurenda, Jo Gentry,*
*Diana Bejar, Robert Meares,*
*William Hutchings,*
*and Monique Hubbard-Pickett*